UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MARK JAGMIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-1139 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| SPEEDWAY SUPERAMERICA, LLC, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____) | |

      This was a civil action brought before the court on the basis of diversity jurisdiction. The parties consented to the dispositive jurisdiction of a magistrate judge. (docket # 19). On November 18, 2008, the court entered summary judgment in favor of defendant. (docket # 47). Plaintiff filed a notice of appeal. On February 3, 2009, the United States Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal pursuant to a stipulation by the parties.

      Defendant's bill of costs is now before the court. (docket # 50). Defendant filed its verified bill of costs on December 15, 2008 in the amount of $1,518.31. Plaintiff has not objected to any portion of the defendant's bill of costs.

      Rule 54(d) of the Federal Rules of Civil Procedure provides that costs shall be awarded to the prevailing party "as of course," unless the court otherwise directs. The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *see Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir.

1999); *accord In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 358-60 (6th Cir. 2007).  Because the rule prescribes a course of action as the norm but allows the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective.  *Goosetree v. Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986).  It is therefore incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party.  *Id.*  Plaintiff has not advanced any reason why the court, in its discretion, should deny an award of costs.  Accordingly, the court will allow taxable costs to defendant in the amount of $1,518.31, and judgment will be entered in defendant's favor in that amount.


Dated:  February 4, 2009            /s/  Joseph G. Scoville                         
                                    United States Magistrate Judge